Merle D. VINCENT, Jr., Regional Director of the Third Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

STEAMFITTERS LOCAL UNION 395, UNITED ASSOCIATION OF JOURNEYMEN & APPRENTICES OF THE PLUMBING & PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, AFL–CIO, Respondent.

Civ. No. 8600.

United States District Court
W. D. New York.

March 4, 1960.

Stuart Rothman, Gen. Coun., N. L. R. B., Washington, D. C. (Sanfjord B. Teu II, Washington, D. C., of counsel), for petitioner.

Lipsitz, Green, Fahringer & Fleming, Buffalo, N. Y. (Richard Lipsitz, Buffalo, N. Y., of counsel), for respondent.

HENDERSON, District Judge.

This cause was heard upon the verified petition of Merle D. Vincent, Jr., Regional Director of the Third Region of the National Labor Relations Board (herein called the Board), and upon an order to show cause, for a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended (herein called the Act), 29 U.S.C.A. § 160(*l*), pending the final disposition of the matters involved herein pending before the Board. Respondent filed an answer to the petition. Upon the entire record, the Court makes the following:

Findings of Fact

1. On or about February 10, 1960, Marshall Maintenance (herein called Marshall), pursuant to the provisions of the Act, filed a charge with the Board alleging that Steamfitters Local Union 395, United Association of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada, AFL–CIO (herein called respondent), a labor organization, has en--

gaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (4) (D) of the Act, 29 U.S.C.A. § 158(b) (4) (D). The said organization is engaged through its authorized officers or agents in promoting the interests of its members within the Western District of New York.

2. Petitioner has reasonable cause to believe that:

(a) Respondent is a labor union subject to the provisions of the Act.

(b) Marshall, with its principal office at Trenton, New Jersey, is engaged in devising and developing industrial processes, and the installation of its industrial machinery. It has been stipulated by counsel that Marshall is engaged in interstate commerce. Marshall performs a substantial amount of work at places outside the State of New Jersey.

(c) Since on or about February 2, 1960, Marshall, a sub-contractor, has been engaged in the performance of a contract with Klenz-Aid of New York, Inc., which in turn has a contract with the Buffalo Milk Producers Cooperative Association, Inc. The value of Marshall's contract, which is based on labor only, is about $10,000. The work involved is that of furnishing and installing stainless steel piping for a new milk plant for Milk Producers (herein called the milk plant project), the plant being located at Cheektowaga, New York.

(d) The respondent has not been certified by the Board as the collective bargaining representative of any employees of Marshall engaged in the installation of stainless steel piping, nor has the Board issued any order directing Marshall to bargain with respondent as the representative of said employees.

(e) Marshall has assigned the work of installing stainless steel piping at the milk plant project to its own employees, who up to the present time have been two in number, and who are not members of, or represented by the respondent or any other labor organization.

(f) Since on or about February 9, 1960, respondent has demanded that Marshall assign the piping work to employees who are members of, or represented by, respondent, rather than to its own employees. Marshall has refused to accede to these demands.

(g) In support of its demands, respondent, between on or about February 9, 1960 and February 19, 1960, picketed the milk plant project with between three and six pickets, two or more of whom carried and displayed banners bearing the legend:

"Employees of Marshall Maintenance. These men are not members of Steamfitters' Local Union 395, AFL–CIO"

or words to that effect.

(h) In further support of its demands, since on or about February 19, 1960, respondent has stationed one or more men at the entrances of the milk plant presently being erected in Cheektowaga, New York, for the Buffalo Milk Producers Cooperative Association, Inc. and distributed leaflets at the said plant containing the following legend:

*"To the Public*
"Marshall Maintenance
*is a non-union employer*

"We are publicizing this fact in connection with our efforts to inform the public, including consumers and members of labor organizations, whenever non-union contractors perform construction work.

"We believe that whenever there is a non-union contractor, this inevitably helps lower the standards we have been able to achieve through many years of difficult collective bargaining thereby harming our members and lowering standards and conditions of employment.

"Steamfitters Local No. 395, AFL–CIO"

(i) As a result of respondent's acts and conduct, all construction workers engaged on the milk plant project have refused to work there since on or about February 9, 1960, and the project has been and remains closed down.

(j) Respondent has engaged in, and has induced and encouraged individuals employed by Marshall, and by other persons engaged in commerce or industries affecting commerce, to engage in refusals in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on goods, articles, materials or commodities or to perform services, and has coerced and restrained Marshall, and other persons engaged in commerce or in industries affecting commerce, and particularly persons so engaged who or which supply or are engaged in the construction of the milk plant for the Buffalo Milk Producers Cooperative Association, Inc.

(k) An object of the acts and conduct of respondent is to force or require Marshall to assign the work of installing stainless steel piping at the milk plant project to employees who are members of, or represented by, respondent, rather than to Marshall's own employees. The acts and conduct of respondent have not been done or carried on for the purpose of organizing Marshall's employees.

(1) The acts and conduct of respondent, occurring in connection with the operations of Marshall, have a substantial relation to and effect upon interstate commerce.

3. It may fairly be anticipated that, unless enjoined, respondent will continue and repeat the acts and conduct referred to above, or similar acts and conduct.

Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(*l*) of the Act is empowered to grant injunctive relief.

2. Petitioner has reasonable cause to believe that:

(a) Respondent Steamfitters Local Union 395, United Association of Journeymen & Apprentices of the Plumbing & Pipe Fitting Industry of the United States and Canada, AFL-CIO, is a labor organization within the meaning of Sections 2(5), 8(b) and 10(*l*) of the Act, 29 U.S.C.A. §§ 152(5), 158(b), 160(*l*).

(b) Marshall is engaged in commerce within the meaning of Sections 2(6) and (7) of the Act.

(c) Respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (D) of the Act, affecting commerce within the meaning of Sections 2(6) and (7) of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b), 29 U.S.C.A. § 141(b), thereof.

3. To preserve the issues for orderly determination as provided in the Act, it is appropriate that the Board's petition be granted.